UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD M. HARRIS,                         :
                                           :
            Petitioner                     :     CIVIL NO. 3:CV-04-2750
                                           :
      v.                                   :     (Judge Caputo)
                                           :
Superintendent KLEM, et al.,               :
                                           :
            Respondents                    :

# M E M O R A N D U M

Petitioner, Richard M. Harris an inmate presently incarcerated at the Smithfield

State Correctional Institution, Huntingdon, Pennsylvania filed the above-captioned

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner

proceeds *pro se* and *in forma pauperis*. He challenges a 1990 guilty plea and sentence,

raising the following grounds for relief:

> Ground one: Trial counsel was ineffective for failing to investigate and
> present mitigating evidence of my mental illness, drug abuse during the
> time of offense, and dysfunctional family environment at sentencing.
>
> Ground two: Counsel was ineffective for advising me that my
> Pennsylvania and Virginia sentences would run concurrently if I pled
> guilty.
>
> Ground three: Counsel was ineffective for failing to object and move to
> withdraw my guilty plea based on the court's failure to advise me that my
> Pennsylvania and Virginia sentence could run consecutively.

>
Ground four: Counsel was ineffective for advising me to waive my juvenile court certification hearing.

(Doc. 1, petition).

In accordance with <u>United States v. Miller</u>, 197 F.3d 644 (3d Cir. 1999), and <u>Mason v. Meyers</u>, 208 F.3d 414 (3d Cir. 2000), an Order was issued advising the Petitioner that: (1) he could have the document ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition absent certification by the court of appeals, or (2) withdraw his petition and file one, all inclusive § 2254 petition within the one-year statute of limitations period prescribed by 28 U.S.C. § 2244(d).  (Doc. 4).  Petitioner failed to return the Court's Notice of Election.  On March 11, 2005, the Court issued an Order to show cause, directing Respondents to respond to the petition.  (Doc. 5).  On March 31, 2005, Respondent filed an answer to the petition, and supporting memorandum and exhibits.  (Docs. 9-12).  On February 28, 2006, Petitioner filed a traverse and supporting exhibits.  (Docs. 21, 22).  The petition is presently ripe for disposition and, for the reasons that follow, will be denied.

**A.  Background**

During the evening of May 14, 1988, Petitioner, Richard Harris, who was then seventeen years old, and a co-defendant, approached a woman as she was unloading groceries into her car. After demanding that she get into the back seat of a stolen car they had been driving, they proceeded to obtain money from an automatic teller machine using the victim's bank card.  They then entered the City of Harrisburg, parked in a parking lot and began to rape the victim and force her to perform oral sex. (Doc. 10-3, Ex. F, Opinion and Order of PCRA Court dated October 11, 1999).

Petitioner, who is a resident of Washington, D.C., was later arrested in Virginia. After a nine-month delay, during which time Petitioner challenged his extradition to this state, Petitioner appeared in Pennsylvania for a juvenile transfer hearing.  Id. Petitioner did not contest his transfer and Juvenile Court certified him on March 13, 1990, to stand trial as an adult.  Id.  A criminal complaint was filed the same day, charging Harris with Robbery, two counts of Criminal Conspiracy, Rape, Kidnapping, Unlawful Restraint, Involuntary Deviate Sexual Intercourse, and Theft by Unlawful Taking.

On March 20, 1990, Petitioner appeared before the Honorable Warren G. Morgan and entered a guilty plea to all of the charges. (Doc. 10, Ex. A, Notes of

Testimony of Guilty Plea and Sentencing dated March 20, 1990).  On the same date,

Judge Morgan sentenced Petitioner to an aggregate term of imprisonment of 20 to 40

years, consecutive to a sentence that Harris was serving in the Commonwealth of

Virginia. Id.  With respect to his sentence the attorney for the Commonwealth of

Pennsylvania explained the following:

> MR. NARVOL: Mr. Harris, you have just been sentenced to what I
> interpret as a sentence of 20 to 40 years in the state correctional
> institution in Pennsylvania, to begin and be computed from your return
> from Virginia once you are paroled in Virginia.  Whenever Virginia
> paroles you, you come back to Pennsylvania.  The day you come back
> from Virginia, your 20 to 40 years begin to run.  Do you understand that?
>
> THE DEFENDANT: Yes, sir.

(Doc. 10, Ex. A, Notes of Testimony at Guilty Plea & Sentencing at p. 30).

On March 30, 1990, Petitioner filed a Motion for Modification of Sentence.

(Doc. 10-2, Ex. C).  On May 15, 1990, the trial court denied the motion.  (Doc. 10-2,

Ex. D, Order).  Petitioner then filed a direct appeal to the Pennsylvania Superior Court,

challenging the discretionary aspects of the sentence.  By Memorandum Opinion dated

December 19, 1990, the Pennsylvania Superior Court affirmed the judgment of

sentence.  Commonwealth v. Harris, No. 264 HBG 1990 (Pa. Super. December 19,

1990) (unpublished memorandum). No petition for allowance of appeal to the Supreme Court of Pennsylvania was filed.

On June 24, 1999, Petitioner, acting *pro se*, filed a petition for relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. §§ 9541 et seq. (Doc. 10-2, Ex. E, PCRA petition).  By Opinion and Order dated October 11, 1999, the Honorable Richard A. Lewis, sitting as PCRA court, appointed counsel, and provided notice to Harris of his intention to dismiss the petition as untimely and lacking in merit. (Doc. 10-3, Ex. F, Opinion and Order of PCRA Court).  On November 3, 1999, Judge Lewis formally dismissed the petition.  (Doc. 10-3, Ex. G, Order).

On February 16, 2000, Petitioner filed a "Motion to Vacate Order Dismissing PCRA Petition or, in the Alternative, to Grant Petitioner Leave to Appeal Nunc Pro Tunc."  (Doc. 10-3, Ex. H, motion).  By Order dated March 2, 2000, the PCRA court granted Petitioner's request for an appeal nunc pro tunc. (Doc. 10-3, Ex. I, Order ).  On October 24, 2000, appellate counsel was appointed to represent Petitioner, and on December 22, 2000, appellate counsel filed a brief in support of Petitioner's  PCRA petition, alleging ineffective assistance of prior PCRA counsel.  (Doc. 10-3, Ex. J, brief).

On March 9, 2001, appellate counsel filed in the Superior Court of Pennsylvania a motion to remand for reconstruction of the record, and the Superior Court granted that motion on March 12, 2001. After remand, appellate counsel filed a petition to withdraw because the PCRA petition lacked merit.

On April 9, 2001, Petitioner filed a pro se Motion to Withdraw Guilty Plea Nunc Pro Tunc. (Doc. 10-4, Ex. K, motion).  By Memorandum Opinion and Order dated April 13, 2001, the PCRA court granted appellate counsel's petition to withdraw, finding that the PCRA petition lacked merit, and providing notice of the intent to deny the petition. (Doc. 10-4, Ex. L, Opinion and Order).  On May 3, 2001, the PCRA court denied the petition.  (Doc. 10-4, Ex. M).  On the same date, Harris filed a pro se Motion to Amend PCRA Petition, Objections to Court's Dismissal of PCRA Petition, and Brief in Support of Amended Petition for Post-Conviction Relief. (Doc. 10-4, Ex. N, motion, Doc. 11, Ex. O, Objections and Ex. P, brief). By Order dated May 8, 2000, the PCRA court denied the Motion to Withdraw Guilty Plea Nunc Pro Tunc and Motion to Amend PCRA Petition. (Doc. 11-2, Ex. Q, Order).

On November 15, 2001, Petitioner filed an appeal from the denial of PCRA relief. (Doc. 11-2, Ex. R, appeal).  In a Memorandum Opinion dated September 19, 2002, the Pennsylvania Superior Court reversed the PCRA Court's denial, finding that

-6-

Petitioner had made allegations that would implicate one of the exceptions to the timeliness requirement of the PCRA and an erroneous interpretation of the PCRA provision relating to a claim of ineffective assistance of counsel. (Doc. 11-3, Ex. S, Opinion).  The Superior Court remanded to the PCRA court for an evidentiary hearing. Id.   In remanding the action for further proceedings the Court determined the following:

> This is not to say, however, that counsel's conclusions were completely in error.  The substantive claims that appellant sought to raise in his PCRA petition were that trial counsel was ineffective in advising him to waive the adult-to-juvenile de-certification hearing, and that counsel advised him that any sentence that would be imposed by the trial judge would run consecutive to the prison term he was then currently serving in Virginia and that this erroneous advice was the basis upon which he pleaded guilty.  There is clearly no merit to appellant's first claim.  At the time of the scheduled hearing, appellant had already previously been certified as an adult in a separate prosecution (robbery in the Commonwealth of Virginia) and sentenced to prison as an adult for a period of ten years.  This certification was based on previous failed efforts to have appellant benefit from the juvenile rehabilitation system. Given these facts, as well as the serious charges in this case, there was no possibility of appellant's case being returned to juvenile court.  Thus, counsel's advice to waive the de-certification could not have been the basis of a finding of ineffectiveness.
>
> We cannot, however, render judgment on appellant's second claim with the same degree of certitude.  Recently, in the case of Commonwealth ex rel. Dadario v. Golberg, 565 Pa. 280, 773 A.2d 126 (2001), the Supreme Court held that an ineffective assistance of counsel claim that arises from a decision to plead guilty is eligible for review under Section

-7-

> 9543(a)(2)(ii) of the Post Conviction Relief Act. See also:
> Commonwealth v. Hickman, 566 Pa. 237, 780 A.2d 604 (2001).
> Appellant's present claim cannot be resolved on this record since it
> involves factual questions that can only be addressed at the trial court
> level. Consequently, we are compelled to reverse the order of the trial
> court and remand this case for further proceedings.

Id. at pp. 9-10).

On May 19, 2003, the PCRA court conducted the requisite hearing, at which time the Commonwealth conceded the timeliness issue. (Doc. 10, Ex. B, Notes of Testimony of PCRA Hearing). During the evidentiary hearing, the PCRA court permitted Petitioner to supplement his PCRA petition with additional claims. Id. On June 30, 2003, the PCRA court issued a Memorandum Opinion and Order denying relief. (Doc. 11-4, Ex. U, Opinion and Order). In addressing the claims raised by Petitioner, the PCRA Court found as follows:

> Petitioner's primary claim is that his original trial counsel was ineffective
> for advising him that any sentence imposed in the various felony counts
> would run concurrent to the sentence petitioner was serving at the time.
> This ineffectiveness caused petitioner to enter a plea of guilty and his
> Dauphin County sentence was ordered to run consecutive to his Virginia
> sentence.

> This court finds no merit to petitioner's claim on this issue. When
> petitioner entered his guilty plea in 1990, a full colloquy was conducted.
> Petitioner was informed that the maximum sentence could be 50-100
> years. The petitioner also denied any threats or promises had been made
> by anyone, specifically by his trial counsel. Petitioner indicated that there

was nothing compelling him to enter a plea of guilty nor was there a plea agreement in the case.   Petitioner was also informed in his post-sentencing rights that the sentence imposed would begin to run at the conclusion of his sentence in Virginia.  The petitioner indicated that he understood all of these matters and denied the existence of any plea agreement, threat or promise.

At the evidentiary hearing in front of this court in 2003, defendant's prior counsel, Joseph Huss, Esquire, testified that he had no recollection of any specific conversation with the petitioner that took place in 1990.  However, Mr. Huss did indicate that in all of his many years experience as a criminal defense attorney, he would not inform a client that a sentence would run concurrent without a negotiated deal or agreement indicating such.  This court should comment that in the latter part of the 1980's and the first half of the 1990's, Mr. Huss was a highly regarded, competent, able and professional criminal defense counsel who appeared in criminal cases in county court with frequent regularity.

Further, petitioner's testimony at the evidentiary hearing illustrated that he understood that his sentence could run concurrently or consecutively.  Considering that petitioner was advised of the maximum sentence structure of up to 100 years and factoring in counsel's explanation that he would never advise a client that sentences would run concurrently without an appropriate plea agreement, this court is satisfied that petitioner was aware of the possibility of consecutive sentences as well as the maximum sentence.  In short, petitioner has not sustained his burden of proof on this point.

Additionally, petitioner claims his current counsel was ineffective for failing to argue that trial counsel did not present mitigating evidence on behalf of the defendant at the time of the original sentence.   In Commonwealth v. Beasley, 678 A.2d 773(1996), the Superior Court indicated that the failure to present mitigating evidence alone is insufficient to establish ineffectiveness.  Petitioner claims that trial counsel did not present evaluations from Virginia concerning his

-9-

involvement in the juvenile justice system.  As current counsel correctly illustrates, such evaluations would have opened the door to damaging information concerning the defendant since he was apparently certified as an adult in Virginia prior to his robbery conviction in that state. Nothing in the record indicates that trial counsel was aware of these evaluations, but even so, they likely would not have been in petitioner's best interest.

Id.

Petitioner then filed a direct appeal to the Pennsylvania Superior Court, in which he raised the following issues:

1.     Did PCRA counsel render ineffective assistance during post-conviction proceedings by:

> (a) failing to move for the recusal of PCRA judge Richard Lewis on the grounds that he was the Dauphin County District Attorney during the time when Mr. Harris and his codefendant were charged and convicted and was likely involved in the actual prosecution of their cases;

> (b) failing to pursue Mr. Harris's claim that trial counsel had been ineffective for not investigating the possibility of presenting mitigating evidence at Mr. Harris's sentencing; and
> (c) failing to contact Mr. Harris's witnesses in time to permit them to appear and testify at the evidentiary hearing held on May 19, 2003?

2.  Did the PCRA court err in denying Mr. Harris' request for post-conviction relief?

-10-

(Doc. 12, Ex. V, brief).  On November 18, 2004, the Superior Court affirmed the denial of PCRA relief. (Doc. 12-2, Ex. W, <u>Commonwealth v. Harris</u>, No. 1215 MDA 2003 (Pa. Super. November 18, 2004)(unpublished memorandum)).  The Superior Court found that there was no evidence that Judge Lewis had any direct involvement in Harris' prosecution or plea proceedings, nor any allegations of specific instances of bias, prejudice or impropriety; that Harris failed to carry his burden of proving that the witnesses were available and willing to testify, or that he was prejudiced by the absence of their testimony; that at the time of sentencing, the Court had before it a social summary that included a psychiatric evaluation; and that Harris entered into a voluntary and knowing guilty plea.  (Doc. 12-2, Ex. W, Superior Court opinion at pp. 8-16).  Specifically, with respect to the issue of mitigating evidence, an issue Petitioner now raises before this Court, the Superior Court found the following:

> Next, Appellant argues that PCRA counsel was ineffective for failing to pursue a claim of trial counsel's ineffectiveness for failing to present mitigating evidence at his sentencing.  Specifically, Appellant contends that there was a substantial amount of evidence demonstrating
>> that [he] was reared in a chaotic and disfunctional (sic) home environment, that he suffered from long-standing emotional and psychological problems that contributed to his criminal behavior, and that he was frequently using mind-altering drugs such as PCP during the relatively short period in which the Virginia and Pennsylvania offenses were

> committed.  And there is evidence that [his] codefendant
> exercised an unusual amount of influence over his action[.]

(Appellant's Brief at 26).

Even in the context of a capital case, "[f]ailure to present mitigation evidence, without more, is not *per se* ineffective assistance of counsel." Beasley, supra at 778.  Here, despite the fact that no presentence investigation report (PSI) was prepared after the guilty plea, the trial court had before it extensive materials provided by the Dauphin County Juvenile Probation Department, including a social summary (similar to a PSI) and psychiatric evaluations.  See N.T., 3/20/90, at 25.  Indeed, the social summary, which is included in the certified record, explores Appellant's family history, his psychological problems (including a suicide attempt and hospitalization) and his alcohol and drug use.  Also attached is a psychological evaluation performed in July of 1989.[1] Moreover, at the time of the hearing, Appellant's attorney specifically asked him whether he was satisfied to proceed to sentencing based on the information the judge had before him at that time; Appellant answered, "Yes, sir."  (Id. at 22).  Moreover, Appellant conceded that he did not inform counsel that additional mitigating evidence existed, contending only that counsel should have inquired about it himself.  (Id. at 31-32). See Commonwealth v. Basemore. 744 A.2d 717, 735 (Pa. 2000)(noting that evaluation of reasonableness of counsel's decisions in ineffectiveness claim "depends, in critical part, upon the information supplied by defendant.").

We find that Appellant is entitled to no relief.  Appellant has not proven that counsel's failure to inquire about additional mitigating evidence was

---

[1]The evaluation notes that Appellant's case was referred for a "general evaluation as well as for a "specific recommendation as to whether [Appellant] should be tried as a juvenile or adult."  (Psychological Evaluation, dated July 17, 1989).

-12-

unreasonable, or that additional mitigating evidence would have resulted in a reduced sentence, especially since most of the information to which Appellant now refers was before the court in the social summary and psychological evaluation.[2]  Accordingly, this claim fails.

(Doc. 12-2, Ex. W, Superior Court opinion at pp. 8-10).

In addressing Petitioner's claim that Counsel was ineffective for failing to object and move to withdraw Petitioner's guilty plea based on the trial court's failure to advise Petitioner that his Pennsylvania and Virginia sentence could run consecutively, the Superior Court found the following:

In his last issue, Appellant argues that he PCRA court erred in concluding that trial counsel was not ineffective for failing to move for withdrawal of his guilty plea prior to sentencing.  Both the PCRA court and the Commonwealth interpreted Appellant's claim as challenging counsel's ineffectiveness for *advising* him that his plea sentence would run concurrent to his Virginia sentence.  However, in his brief, Appellant contends that his issue has been misinterpreted, and is, in actuality, a challenge to the validity of the colloquy.[3]  He argues that the court was

---

[2]We note that Appellant has attached to his brief several psychological evaluations which generally indicate that Appellant has the potential to be a functioning member of society.  However, we must point out that they were all conducted in 1985 or 1987, prior to the serious incident which gives rise to his present conviction.

[3]Indeed, the issues raised in Appellant's pro se PCRA reads:

(ii) counsel did not object to the trial court's failure to advise me during the guilty plea hearing of the possibility that the sentence(s) to be imposed by the court could be ran (sic) consecutively to the

obligated under Pa.R.Crim.P. 590 to inform him of the possibility that his plea sentence could be imposed to run consecutively to the sentence he was serving in Virginia.  Because the colloquy made no mention of the possibility of consecutive sentences, Appellant contends that it was defective and counsel was ineffective for failing to move for its withdrawal.  We disagree.

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness of counsel caused the defendant to enter an involuntary or unknowing plea." Commonwealth v. Hickman, 799 A.2d 136, 140 (Pa. Super. 2002).  Rule 590, and corresponding case law, mandates that a court inquire into six particular areas before accepting a guilty plea, including whether the defendant is aware of the permissible range of sentences that might be imposed for his conduct.  Commonwealth v. Persinger, 615 A.2d 1305, 1307 (Pa. 1992).  As the Supreme Court explained in Persinger, "[i]n order to understand the consequences of his plea it is clear that a defendant must be informed of the *maximum* punishment that might be imposed for his conduct."  Id.  at 1308 (emphasis in original).

To support his claim, Appellant relies on this Court's decision in Commonwealth v. Fay, 439 A.2d 1227 (Pa. Super. 1982)which, at first glance, appears to be controlling.  In Fay, the appellant pled guilty to armed robbery and was sentenced to a term of 5 to 15 years' imprisonment to run consecutively to a sentence he was then serving in federal prison.  During the plea colloquy, the appellant was advised that he could receive a maximum sentence of 20 years' imprisonment for his crime, but was not informed that his sentence could be imposed to run consecutively to his federal sentence.  After his direct appeal failed, the

---

sentence that I was already serving in Virginia; ...

PCRA Petition, filed 6/24/99, at ¶ 33(F)(ii).

appellant filed a petition for collateral relief alleging the ineffectiveness of trial counsel for failing to challenge the adequacy of the plea colloquy.

We concluded that the "appellant's guilty plea was not knowingly and understandingly entered since he was **not fully appraised of the maximum punishment** that was possible." Id at 1230 (emphasis added). Reviewing both Pa.R.Crim.P. 319 (now Rule 590) and the ABA Standards Relating to Pleas of Guilt, we found that a defendant who intends to plead guilty must be informed of the maximum possible sentence he faces, "including that possibly from consecutive sentences[.]" Id. at 1229 (quoting ABA Standards Relating to Pleas of Guilty (2nd ed 1980), Standard 14-1.4(a)(ii)).  Therefore, because the appellant was not informed during the plea colloquy this his sentence could be imposed to run consecutive to his federal sentence, we reversed and remanded for a new trial.

Here, however, after Appellant was informed of the maximum term of imprisonment he faced for each of his crimes, the following exchange took place:

[DEFENSE COUNSEL]: So you understand you could, under the law after pleading guilty, be sentenced to a sentence of not less than 50 nor more than a hundred years?

THE DEFENDANT: Yes, Sir.

(N.T., 3/20/90, at 4).  Appellant's sentence in Virginia was 30 years' imprisonment, suspended to 10 years.  Appellant's aggregate sentence here was 20 to 40 years' imprisonment.  Therefore, even discounting the 20 years suspended on the Virginia sentence, Appellant faced a maximum term of 70 years' imprisonment.  Since he was informed during the colloquy that he could be sentenced to 100 years' imprisonment, Appellant's actual sentence does not exceed his expectation of imprisonment so as to make his plea involuntary.  See Commonwealth v. Carter, 656 A.2d 463 (Pa. 1995)(appellant's plea not involuntary;

although appellant not informed sentences could run consecutively, 6 to 12 year aggregate sentence imposed fell below maximum sentence of 20 years appellant faced for only one count of burglary).  Therefore, once again, Appellant is entitled to no relief.

(Doc. 12-2, Ex. W, Superior Court Opinion at pp. 13-16).

## II. <u>Discussion</u>

An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." <u>See</u> 28 U.S.C. § 2254(d); <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000).  As explained in <u>Harrington v. Gillis</u>, 456 F.3d 118, 124 (3d Cir. 2006):

> [A] state court decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law, or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." <u>Williams</u>, 529 U.S. at 413; <u>see</u> <u>Matteo v. Superintendent, SCI Albion</u>, 171 F.3d 877, 891 (3d Cir.1999) (for a decision to be "contrary to" federal law, "Supreme Court precedent requires an outcome contrary to that reached by the relevant state court").

> A state court decision represents an unreasonable application of federal law where "the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413, 120 S.Ct. 1495.

Thus, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 411.

Under 28 U.S.C. § 2254(e)(1), a federal court is required to presume that a state court's findings of fact are correct. A habeas petitioner must present clear and convincing evidence to rebut this presumption of correctness. See 28 U.S.C. §2254(e)(1); Miller-El v. Cockrell, 537 U.S. 322, 341, (2003)(stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions). This presumption of correctness applies to both explicit and implicit findings of fact. Campbell v. Vaughn, 209 F.3d 280, 286 (3d Cir. 2000).

A Petitioner, such as Harris, "who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received  from counsel was not within' the range of competence

-17-

demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56-57(1985) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)).  To sustain a claim for ineffective assistance of counsel under the Sixth Amendment, Harris must show that his counsel's performance was objectively deficient and that this deficient performance prejudiced his defense.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  In evaluating whether counsel's performance was deficient, "the court must defer to counsel's tactical decisions, avoid "the distorting effects of hindsight" and give counsel the benefit of a strong presumption of reasonableness.  See id. at 689; Government of the Virgin Islands v. Weatherwax, 77 F.3d 1425, 1431 (3d Cir.), cert. denied, 519 U.S. 1020 (1996).  When challenging counsel's effectiveness in the context of a guilty plea, the petitioner, in order to satisfy Strickland 's prejudice requirement, "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.  The performance and prejudice prongs of Strickland may be addressed in either order, and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice...that course should be followed." Strickland at 697.  The PCRA and Superior Courts, without citing Strickland expressly, repeated the "reasonable probability" standard.  See Werts v. Vaughn, 228 F.2d 178, 192 (3d Cir. 2000).  Their

decisions were not "contrary to" federal law.  See Woodford v. Visciotti, 537 U.S. 19, 22-24 (2002) (stating that a state court decision that correctly recites governing legal standard is not "contrary to" federal law).

Moreover, both courts applied the Strickland rule in a reasonable manner.  Both the PCRA Court and the Pennsylvania Superior Court addressed Harris' ineffective assistance claim on the merits, and concluded that the representation provided to Harris did not fall below an objective standard of reasonableness.  This finding was based upon the plea colloquy, during which Harris explicitly acknowledged the maximum prison term that he faced and that his plea did not assure him of any particular sentence.  In this regard, the record shows that Petitioner's plea of guilty to each offense was made with full knowledge and understanding of the nature of each offense and the full range of potential punishments the Court could impose for each offense.  He was not induced to enter the plea by a promise of a set term of incarceration made by either the prosecution or his own counsel.  He freely acknowledged that he was exposed to a period of incarceration in excess of 50 years.  Moreover, Petitioner's attorney, although not specific to Harris, testified that he would never have told a defendant that his sentence would run concurrent to another sentence without an agreement for concurrent sentences.  This testimony is supported by the record which

indicates, without contradiction, that the attorney for the Commonwealth specified to Harris that his sentence would be computed from the date that he was paroled in Virginia and returned to Pennsylvania. Thus, the state courts had an ample basis for finding that Petitioner entered a knowing and voluntary plea. Petitioner's argument that his attorney somehow mislead or promised him he would receive a concurrent sentence is entirely foreclosed by the record. That is, as was already noted, the Petitioner within his open court plea colloquy, acknowledged he had committed the various crimes and agreed as to the Court's ability to sentence him up to a maximum term of 100 years. Harris received an aggregate sentence of 20 to 40 years incarceration, which clearly falls within the possible sentencing range he understood he could receive. While Harris may have hoped for, or even expected, a lighter sentence, he was fully aware of his full sentencing exposure prior to entering his plea of guilty.

Courts have rejected ineffective assistance claims in similar settings. For example, in <u>Jones v. United States</u>, 131 Fed. Appx. 819, 821-22 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that a collateral challenge to the validity of a guilty plea based upon allegedly erroneous sentencing advice was properly rejected where the plea colloquy established the defendant's awareness of the

maximum prison term he faced and he was sentenced within that maximum term.  In United States v. Martinez, 169 F.3d 1049, 1053 (7th Cir. 1999), cited with approval in Jones, the court ruled that the "'mere inaccurate prediction of a sentence' does not demonstrate the deficiency component of an ineffective assistance of counsel claim.'" In Bekes v. Rozum, No. 1:CV-05-2554, 2007WL 1074245, at *2-4 (M.D. Pa., April 5, 2007), Judge William W. Caldwell of this Court held that the Pennsylvania Superior Court's rejection of an ineffective assistance claim based upon allegedly improper sentencing advice in a guilty plea context was not an unreasonable application of Supreme Court precedent.  Central to Judge Caldwell's conclusion was the state court record that demonstrated the defendant's knowledge of the potential sentence he faced. Similarly, in Carter v. Carroll, 479 F. Supp. 2d 432, 437-38 (D. Del. 2007), Chief Judge Sue L. Robinson found that the deference accorded a state court's reliance upon a plea colloquy in rejecting an ineffective assistance claim founded upon sentencing assurances required dismissal of the same claim presented in a habeas petition.

As in the cases cited above, the record in this case afforded an ample basis for the state court's conclusion that Harris' plea was knowing and voluntary, and not the product of ineffective assistance of counsel.  Moreover, Harris is not able to satisfy the prejudice prong of the ineffective assistance inquiry.

Harris states that he relied upon inaccurate information provided by counsel as to his sentence running concurrent when he elected to forego a jury trial and enter a guilty plea to the various charges.  Such a statement, however, cannot in and of itself sustain an ineffectiveness of counsel claim.  See Powell v. Meyers, 214 Fed. Appx. 197, 200 (3d Cir. 2007) (citing Parry v. Rosemeyer, 64 F.3d 110, 118 (3d Cir. 1995) ("A defendant alleging ineffective assistance of counsel in the guilty plea context must make more than a bare allegation that but for counsel's errors he would have pleaded not guilty and gone to trial.")).  The United States Court of Appeals for the Third Circuit has held that a habeas petitioner claiming his plea was induced by ineffective assistance of counsel cannot satisfy the prejudice prong of the Strickland test where "the record is 'replete with evidence of petitioner's guilt.'" United States v. Wilder, 204 Fed Appx. 146, 149 (3d Cir. 2006).  In this regard, Harris has never asserted that he was innocent of the charges, and freely conceded guilt during the state court proceedings.  Under these circumstances, Petitioner cannot maintain a habeas corpus challenge to his guilty plea based upon allegedly erroneous sentencing advice.  Nor can he fare any better with his remaining claims that counsel was ineffective for failing to investigate and present certain mitigating evidence, and for advising Petitioner to waive his juvenile transfer proceedings.

-22-

A counsel's failure to make a reasonable investigation of a defendant's psychiatric history and family background, and to present mitigating evidence to the judge or jury at sentencing, can constitute ineffective assistance. Wiggins v. Smith, 539 U.S. 510, 522-23, (2003).  In assessing whether a defendant's counsel was ineffective at the mitigation hearing for failing to introduce certain evidence, the focus must be on whether the investigation supporting counsel's decision not to introduce mitigating evidence of the defendant's background was itself reasonable.  Id. at 523, 123 S.Ct. 2527. In assessing the reasonableness of an attorney's investigation, the quantum of evidence known to counsel must be considered, as well as whether that evidence should have led a reasonable attorney to investigate further. Id. at 527, 123 S.Ct. 2527.

The PCRA Court and Pennsylvania Superior Court determined that Harris' counsel was not deficient for failing to introduce mitigating evidence.   The PCRA Court found that nothing in the record indicated that trial counsel was aware of these additional evaluations, but even so, introduction of such would not have been in Petitioner's best interest.

On appeal, the Pennsylvania Superior Court concluded that at the time of sentencing, the court had before it a social summary that included a psychiatric evaluation, and that, given the state of the record, counsel's failure to inquire further

-23-

was reasonable, and the omission was harmless, in that there is no indication that the additional mitigating evidence would have resulted in a reduced sentence, especially since most of the information was before the court.  Thus, the state courts' holdings that Harris' counsel was not deficient for failing to inquire into further mitigating evidence was not unreasonable or contrary to Supreme Court precedent .

Finally, with respect to Petitioner's claim that counsel was ineffective in advising him to waive his juvenile transfer proceeding,[4] the Pennsylvania Superior

---

[4]Pursuant to 42 Pa. C. S. § 6355, Discretionary Waiver:

> When a child of at least 14 is accused of a felony, the juvenile court, after a hearing, may transfer the case for criminal prosecution if it finds that (1) there is a prima facie case that the child committed the offense alleged and (2) there are "reasonable grounds to believe" that (a) "the public interest is served" by the transfer and (b) the child is not subject to commitment to a mental institution. The law specifies a number of factors that must be considered in making the public interest determination— including the child's amenability to treatment, supervision, and rehabilitation, which must in turn be determined with reference to a long list of subfactors. Except under certain special circumstances (see Presumptive Waiver), the Commonwealth has the burden of establishing by a preponderance of the evidence that the public interest would be served by a transfer and that the child is not amenable to treatment, supervision, and rehabilitation. The court's decision to grant or deny a transfer is not immediately appealable.

Court addressed this claim on the merits on Petitioner's appeal from the denial of his

first PCRA petition.  (Doc. 11-3, Ex. S, Opinion).  In determining whether counsel's

actions were reasonable , the Court considered the fact that Petitioner was previously

tried as an adult in Virginia, that there had been previous failed efforts to have

Petitioner benefit from the juvenile rehabilitation system; and the seriousness of the

charges Petitioner was facing in Pennsylvania.  Id.  Under these circumstances, the

Court found there was no possibility of Harris' case being returned to juvenile court,

and that counsel's advice to waive the de-certification could not have been the basis

of a finding of ineffectiveness.  Harris fails to establish that the state court proceedings

resulted in a decision that was based on an unreasonable determination of facts in light

of the evidence presented.   Nor is such decision contrary to, or involving an

unreasonable application of, clearly established federal law as determined by the

Supreme Court of the United States.   Thus, habeas relief is unavailable under

§ 2254(d), and the Court will deny the petition.

Dated: October 10, 2007                              /s/ A. Richard Caputo
                                                     A. RICHARD CAPUTO
                                                     United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD M. HARRIS,                    :
                                      :
          Petitioner                  :   CIVIL NO. 3:CV-04-2750
                                      :
      v.                              :   (Judge Caputo)
                                      :
Superintendent KLEM, <u>et al</u>.,       :
                                      :
          Respondents                 :

### O R D E R

**AND NOW, THIS 10th DAY OF OCTOBER, 2007,** in accordance with

the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1.   The petition for a writ of habeas corpus (Doc. 1), is **DENIED**.

2.   The Clerk of Court shall **CLOSE** this case.

3.   There is no basis for the issuance of a certificate of
     appealability

                                   /s/ A. Richard Caputo
                                   A. RICHARD CAPUTO
                                   United States District Judge